UNITED STATES of America,
Plaintiff-Appellee,

v.

J. C. REX et al., Defendant-Appellant.

No. 72-1351.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 1972.

Neil H. Fink, Detroit, Mich., for defendant-appellant; S. Allen Early, Jr., of Liberson, Fink, Feiler, Crystal, Burdick & Schwartz, Detroit, Mich., on brief.

Wm. C. Ibershof, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before WEICK, MILLER and TUTTLE,* Circuit Judges.

TUTTLE, Circuit Judge.

The question here is whether the appellant, Rex, is entitled to have judgment and sentence set aside on the ground that when he entered his plea of guilty to one of four charges he was not expressly informed by the trial court that he would be ineligible for parole from the sentence that was meted out to him. The count of indictment to which he pleaded guilty involved a violation of 21 U.S.C.A. § 174, to wit: illegal possession of heroin with knowledge said heroin was imported into the United States unlawfully. This is one of the sections of the Criminal Code as to which section 4202 of Title 18, in effect, provides that ordinary parole procedures are not available to one convicted thereunder. Upon Rex's tender of the plea of guilty, the trial court took particular pains to ascertain the truth of his plea, that is to say, he asked him expressly whether he pleaded guilty to the possession of the narcotic drugs which he was charged with having in his possession and whether he voluntarily entered the plea on his own volition. To all of these questions, Rex responded in the affirmative. Following the acceptance of the plea and the imposition of a sentence of ten years, Rex, acting through new counsel made application under Section 2255 of Title 28 U.S.C.A. to vacate sentence and to permit the defendant to withdraw his plea of guilty and to permit him to plead anew.

The trial court held a full hearing on this request, at which counsel for Rex

---

* Honorable Elbert P. Tuttle, Senior Circuit Judge, United States Court of Appeals, Fifth Circuit, sitting by designation.

offered to prove that neither trial counsel for Rex nor Government counsel was aware of the provisions of Title 18, Section 4202 which deprived a person convicted for this offense from obtaining parole under the normal parole procedures after the end of service of one-third of the term. The trial court said "I don't believe it and, as a matter of fact, I found differently, and it is on that basis alone as a finding of fact I make that finding, not as a rule of law, and I think I was sufficiently clear. I am satisfied that the defendant was aware and I am satisfied that he was notified. I am satisfied that he knew of it long before he came in to try this case on the Friday preceding it, and I won't go into that at the moment unless it is necessary."

The trial court based its findings partially on an acknowledgement of service by the accused of a copy of the indictment on approximately December 17, 1970, more than eleven months prior to the date of the plea which was entered on November 10, 1971, which acknowledgement was in the following form:

IN THE
DISTRICT COURT OF THE UNITED STATES
For the Eastern District of Michigan
Southern Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

J. C. REX,

Defendant.

No. CR.45355

DEFENDANT'S ACKNOWLEDGMENT OF INDICTMENT

I, J. C. Rex, defendant in the above-entitled cause, hereby acknowledge that I have received a copy of the indictment in the above-entitled cause prior to pleading thereto, and that I have read the same and understand the contents thereof.

I know that if I am convicted or plead guilty I may be sentenced as follows:

Count 1 2–10 years and/or $20,000.00 fine.
Count 2 5–20 years and/or $20,000.00 fine.
Count 3 5–20 years and/or $20,000.00 fine.
Count 4 5–20 years and/or $20,000.00 fine.
Counts 2 through 4 — MANDATORY SENTENCE — NO PROBATION OR PAROLE

J. C. Rex
Defendant

Witness:
M. Davis
Deputy Clerk

The trial court also based its findings partially upon a statement made to the trial court by the probation officer to the effect that he had told Rex of the provisions relative to parole.

It is quite clear that if the issue before us were to be resolved by answering the question of whether Rex was aware of the fact that the sentence accorded him was not parolable we would be compelled to affirm the judgment of the trial court. Even though counsel for the United States, upon oral argument, conceded the truth of the statement made by counsel representing Rex at the 2255 Hearing that he was also unaware of the provisions of law which made this kind of sentence non-parolable, we find sufficient evidence on which the trial court would be justified in deciding that issue in favor of the United States.

However, our problem is a broader one than that. In the case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the court was dealing with the failure of a trial court judge to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. This rule is as follows:

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily *with understanding of the nature of the charge and consequences of the plea* . . ." (emphasis supplied)

In its discussion of the rule, the court said:

"Although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record *at the time the plea is entered* of the facts relevant to this voluntariness determination." (emphasis supplied) McCarthy v. United States, supra, at page 465, 89 S.Ct. at page 1170.

Finally, the Supreme Court held that when the district court does not comply fully with Rule 11 the defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew. McCarthy v. United States, *supra*, at page 468, 469, 89 S.Ct. 1166, 22 L.Ed.2d 418.

The McCarthy case did not deal with the failure of the trial judge to inform a person offering a guilty plea of his right to parole. However, the rule flatly asserted there was to the effect that a failure fully to comply with Rule 11 requires that the defendant be permitted to enter a new plea.

This court has previously considered the question whether the failure of the trial court to inform a person of ineligibility for parole before entering a guilty plea was a violation of Rule 11. In Harris v. United States, this court said:

"In this appeal from the denial of a motion to vacate sentence under 28 U.S.C. sec. 2255, petitioner contends that Federal Rule of Criminal Procedure 11 prohibited acceptance of his guilty plea because the trial judge did not inform him that ineligibility for parole was a statutory consequence of any sentence which could be imposed for the offense charged in the indictment. We agree." Harris v. United States, 6 Cir., 426 F.2d 99 (1970).

In the Harris case, which was decided before the Supreme Court decided United States v. McCarthy, *supra*, this court, although finding that the failure by the trial court to include the instruction noted was a violation of Rule 11, nevertheless remanded the case to the trial court to permit that court to ascertain whether, in fact, the accused was "aware" or unaware of his ineligibility for parole. This court took note of the fact that the plea had been received and the action taken prior to the decision by the Supreme Court in McCarthy. The court then said:

"Had the plea been accepted after April 2, 1969, the effective date of McCarthy v. United States, supra, held not retrospective in Halliday v.

United States, [394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16] supra, we would vacate the conviction and permit petitioner to plead anew. Since his plea was accepted June 9, 1967, we remand for an evidentiary hearing to determine whether he was aware of the prohibition against parole at the time his plea was accepted and whether he was so under the influence of narcotics as to render his plea involuntary. The burden as to voluntariness is on the Government. See Durant v. United States, 410 F.2d 689 (1st Cir. 1969).

Reversed and remanded for proceedings consistent herewith."

Thus, it appears that this court has held that the failure to include the cautionary statement to the accused before accepting his plea of guilty informing him that upon his being sentenced under this particular section of the Criminal Code he is not entitled to parole constitutes a failure to comply with Rule 11. We then find that the Supreme Court has held that a failure to comply with Rule 11 makes it necessary for the appellate court to vacate the plea and remand the case "for another hearing at which he may plead anew." McCarthy v. United States, supra, 394 U.S. at 468, 89 S.Ct. at 1172.

The determination previously made by this court in Harris v. United States, supra, that the failure of the trial judge to inform the accused of his ineligibility for parole was a "statutory consequence" within the contemplation of Rule 11 is in accord with what now has become a clear majority rule among the several circuits. Our research indicates that at least six circuits have followed the same rule when the issue was presented to them for consideration. See Munich v. United States (9 Cir.), 337 F.2d 356 (1964); Berry v. United States, 3 Cir. 1969, 412 F.2d 189; Durant v. United States, 1 Cir. (1969), 410 F.2d 689, Jenkins v. United States, 10 Cir. (1970), 420 F.2d 433 and Bye v. United States, 2d Cir. 1970, 435 F.2d 177.

The District of Columbia Circuit and the Fifth Circuit are two in which the opposite view has been expressed. In Trujillo v. United States, 5 Cir. 1967, 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221, the Court of Appeals stated that:

" . . . noneligibility for parole is not a 'consequence' of a plea of guilty. . . . Rather, it is a consequence of the withholding of legislative grace."

It is to be noted that in more recent decisions that same court has had occasion to consider the question again and has on several occasions observed that the rule heretofore announced by this court and those other Courts of Appeals which share our view is probably "the better view," United States v. Farias, 5 Cir., dec. April 28, 1972, 459 F.2d 738.

We conclude that the judgment of guilty and the verdict and the sentence based thereon must be set aside and the case remanded for further proceedings which, in light of the Supreme Court's mandate in McCarthy v. United States, supra, must involve the granting of the right to the appellant to replead.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.