**UNITED STATES of America**
**v.**
**Thomas Peter VALLEJO et al.**
**Appeal of David MILLER.**
**No. 72–1439.**

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1972.

Decided April 3, 1973.

John J. Flynn, Flynn, Kimerer, Thinnes & Galbraith, Phoenix, Ariz., for appellant.

Robert E. J. Curran, U. S. Atty., Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

David Miller appeals that May 22, 1972, district court order denying his motion to withdraw before sentencing his guilty plea to Count I of a five-count indictment.[1] Miller also contends that the court failed to comply with F.R.Crim. P. 11 when he was not advised of his privilege against self-incrimination and that this failure should render his plea invalid. We have carefully examined the record and conclude that each of these contentions is without merit. We therefore affirm.

The district court opinion fully sets forth the facts. See United States v. Miller, Crim. No. 71–229 (E.D.Pa. May 22, 1972). For our purposes, it is only necessary to briefly summarize the events that transpired prior to Miller's sentencing.

Miller had been indicted along with six others on charges relating to the illegal transportation of a ton of marijuana. After his arrest, Miller offered to act as an informer for the Government. On November 5, 1971, he filed

---

1. Miller entered a plea of guilty to Counts I and V of the indictment. Count I charged him with conspiring to import marijuana in violation of 21 U.S.C. § 176a. Section 176a specified a mandatory sentence. See *infra*. Count V charged a conspiracy to transport marijuana in violation of 26 U.S.C. § 4755(b), which does not contain a mandatory sentencing requirement.

Miller only sought to withdraw his plea to Count I.

a motion to dismiss the indictment against him, or, in the alternative, to permit him to enter a plea of guilty to a non-mandatory count of the indictment. His motion was premised on the claim that the Government breached its agreement to dismiss the charges against him. He alleged that the Government's promise had been made in return for his promise to act as an informer and to provide sufficient information that would lead to the successful prosecution of other persons involved in the sale and distribution of narcotics. The Government opposed this motion, claiming Miller failed to perform his side of the bargain. A series of evidentiary hearings were conducted beginning on November 11, 1971, and continuing until November 23, 1971, where Miller produced evidence in support of his motion.

Meanwhile, the trial, with Miller and four other defendants, commenced on November 15 and continued on a daily basis until December 3. However, on November 23, 1971, Miller, in the presence of the court and his counsel, agreed to withdraw his motion, with prejudice, and requested leave of the court to change his not guilty plea to Counts I and V of the indictment to guilty. The court accepted his plea. Sentencing was postponed from February 24, 1972, until May 4, 1972. On the day of sentencing, Miller presented the court with a motion to withdraw his guilty plea pursuant to F.R.Crim.P. 32(d).[2]

■ Although Rule 32(d) does not establish a standard governing the withdrawal of a plea prior to sentencing,[3] the district court may, in its discretion, permit a defendant to substitute a plea of not guilty "if for *any reason* the granting of the privilege seems *fair and just*. . . ." Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582,

583, 71 L.Ed. 1009 (1927) (emphasis supplied); United States v. Young, 424 F.2d 1276, 1279 (3d Cir. 1970). However, this is not an absolute right to be made in a vacuum without reference to surrounding circumstances. See United States v. Stayton, 408 F.2d 559, 561 (3d Cir. 1969); *cf.* United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (3d Cir. 1972).

■ Acceptance of a motion to withdraw a plea of guilty lies within the sound discretion of the trial court and its determination will only be disturbed where it has abused its discretion, United States v. Stayton, *supra*, 408 F.2d at 561. There has been no abuse of discretion in denying Miller's motion to withdraw his guilty plea. The trial court properly considered the substantial prejudice that would have resulted to the Government if Miller's motion had been granted. It noted:

> "Witnesses for the government who were presented in opposition to the defendant's motion to dismiss the indictment and who were trial witnesses had been assembled to appear in Philadelphia from several far western and southwestern states. Testimony most damaging to the defendant and which resulted in guilty verdicts against co-defendants had been received in evidence prior to the defendant's change of plea.

> "Finally it appears appropriate to again point out that Miller changed his plea on November 23rd, 1971. He waited until the day of sentencing, a time factor of almost six months, before filing the motion under consideration." United States v. Miller, *supra*, at 7.

■ Furthermore, Miller's request to withdraw his plea appears to be merely

---

2. Rule 32(d) provides, *inter alia:*
    "A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of sentence is suspended. . . ."

3. Compare a Rule 32(d) motion to withdraw a plea of guilty prior to sentence with the standard after sentence is imposed. ". . . [T]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

a reassertion of the same allegations raised in his earlier motion. Miller withdrew that motion with prejudice on the advice of his counsel on the basis of a carefully worked out stipulation between him and the Government. Nevertheless, he claims that at the time he entered his plea of guilty to the mandatory count of the indictment, he relied upon United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), which provided that one who was convicted before the effective date (May 1, 1971) of 21 U.S.C. § 844(a) and (b) (The Comprehensive Drug Abuse Prevention and Control Act of 1970), but sentenced after such effective date, could receive less than the sentence provided under 21 U.S.C. § 176a and 26 U.S.C. § 7237(d). 21 U.S.C. § 176a specified mandatory sentences of not less than five, nor more than twenty, years. The new Act does not prescribe any mandatory minimum sentence and permits the grant of probation. After Miller entered his plea and prior to March 11, 1972, the Second Circuit, in United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972), and the First Circuit, in United States v. Bradley, 455 F.2d 1181 (1st Cir. 1972), aff'd, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), rejected the rationale of *Stephens.*[4] The Supreme Court in *Bradley* stated (410 U.S. 609, 93 S.Ct. 1155):

> "The District Judge had no power to consider suspending petitioners' sentences or placing them on probation. . . . The mandatory minimum sentence of five years must therefore be

imposed on offenders who violated the law before May 1, 1971. And Congress specifically provided that § 4208(a) does not apply to any offense 'for which there is provided a mandatory penalty.'"

We note that Judge Adams' opinion in United States v. Caldwell, 463 F.2d 590 (3d Cir. 1972), relied, in part, on the reasoning of the Supreme Court of the United States in *Bradley, supra.*

■ A change in the law subsequent to the entry of a guilty plea is not, in and of itself, a ground for its withdrawal, where the plea is knowingly entered on the advice of counsel. See McMann v. Richardson, 397 U.S. 759, 773–774, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). While Miller may have harbored a wistful hope that he would be sentenced to less than five years, the court made abundantly clear prior to accepting the guilty pleas, as the following colloquy indicates, that he knowingly ran the risk of a substantial jail sentence and fine:

> "Q. Are you pleading guilty because you are in fact guilty to the two counts?
>
> "A. Yes.
>
> "Q. What is the maximum?
>
> "A. Thirty years.
>
> "Q. What is the fine?
>
> "A. Thirty-five thousand dollars.

4. The Supreme Court in Bradley v. United States, *supra,* granted the petition for writ of certiorari in order to resolve the conflict between the First and Ninth Circuits. Our decision in United States v. Caldwell, 463 F.2d 590 (3d Cir. 1972), relying on the reasoning of the First Circuit opinion in *Bradley,* is in accordance with the Supreme Court's decision and held that the penalties prescribed by 26 U.S.C. §§ 4705(a) and 7237(b) and (d) are preserved for prosecutions commencing prior to May 1, 1971, even though the sentence was imposed after that date.

The issues discussed by the Court in *Bradley* were whether the trial court may impose a sentence of less than the man-

datory minimum sentence prescribed by 26 U.S.C. §§ 4705(a) (1964 ed.) and 7237(b) (1964 ed. and Supp. V), suspend the sentence, place the offender on probation, or specify that he be eligible for early parole, where that offender had been convicted of a federal narcotics offense committed before May 1, 1971, but sentenced after that date. See *id.* at 606 of 410 U.S. 93 S.Ct. 1151. The reasoning of *Bradley* establishes that the District Judge in this case had no choice but to impose sentence on Count I in accordance with the five-year mandatory minimum sentencing requirements of § 176a (see also 26 U.S.C. § 7237(b) and (d)), which were in effect prior to May 1, 1971.

"Q. Knowing that you wish to enter the plea?

"A. Yes.

"Q. Has anybody brought any pressure to bear on you from the government?

"A. No.

"Q. Anyone made any promises of leniency from the government or anywhere else?

"A. No, sir.

"Q. Anybody told you what I am going to do with you?

"A. No, sir.

"Q. Are you making this of your own volition?

"A. Yes."

(N.T. 56, Nov. 23, 1971)

Therefore, we are unable to say the district court abused its discretion when it denied Miller's request.

■ The defendant's other contention that Rule 11 of the Federal Rules of Criminal Procedure and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), required the trial court to advise him of his privilege against self-incrimination is equally without merit. *McCarthy* did not require the courts to develop a litany, or fixed formula, when addressing a defendant; but, rather, requires the courts "to inquire into the defendant's understanding of the nature of the charge against him, and whether the defendant possesses an understanding of the law in relation to the facts." United States v. Cantor, 469 F.2d 435, 438 (3d Cir. 1972).

This court, in Davis v. United States, 470 F.2d 1128 (3d Cir. 1972), rejected a similar contention that a failure to specifically advise a defendant of his privilege against self-incrimination invalidated his plea. In *Davis* we held that ". . . once the court has satisfied itself . . . that the guilty plea was

made knowingly and voluntarily, an independent warning against self-incrimination becomes unnecessary." *Id.* at 1132. The record makes clear that the defendant acted knowingly and voluntarily with full realization of the effect of his plea.

The district court judgment of conviction will be affirmed. However, the illegal three-year sentence on Count I [5] will be vacated and the case will be remanded to the district court for sentencing on both Counts I and V in accordance with Bradley v. United States, *supra.*

---

5. Miller was sentenced on May 4, 1972, on Count I to three years' imprisonment. The sentence of three years under Count I does not conform with our decision

in *Caldwell, supra,* or the recent Supreme Court decision in *Bradley, supra.* See note 4.