**William James PHILLIPS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 75–1325.

United States Court of Appeals, Sixth Circuit.

July 24, 1975.

---

William James Phillips, pro se.

William W. Milligan, U. S. Atty., John J. Cruze, Cincinnati, Ohio, for respondent-appellee.

Before MILLER and LIVELY, Circuit Judges, and FEIKENS,* District Judge.

---

FEIKENS, District Judge.

This appeal is from the district court's denial of a motion to vacate sentence under 28 U.S.C. § 2255. The petitioner is serving a twenty-year indeterminate sentence[1] imposed as a result of his guilty plea to a charge of armed bank robbery, 18 U.S.C. § 2113(d). He asks that his conviction be set aside and that he be given the opportunity to plead anew because: (1) he was not mentally competent to stand trial at the time of the guilty plea; and (2) the plea taking did not comport with the requirements of Rule 11, Federal Rules of Criminal Procedure.

■ There is no error in the district court's handling of the first issue. The judge did not hold a hearing, but made a finding that the petitioner was competent at the time of his plea. This finding is based in large part on a psychiatric report made shortly *before* the plea by petitioner's own psychiatrist. *See Conner v. Wingo*, 429 F.2d 630 (6th Cir. 1970), *cert. denied*, 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 121. Dr. William Roach diagnosed petitioner:

> "to be legally sane, not a psychopathic offender nor mentally deficient. Psychiatrically, he is regarded as being responsible for his actions."

This report combined with the presentence investigation conducted by the probation office is sufficient data to support the finding that petitioner was competent under the standard of *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1959).

■ As to the second issue—Rule 11 of the Federal Rules of Criminal Procedure requires that a judge when taking a guilty plea address the defendant personally in order to determine that the plea is voluntarily made with understanding of the nature of the charge and the consequences of the plea. The United States Supreme Court insists on its

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Petitioner has been granted a tentative parole date of July 3, 1975.

strict compliance. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

In this case, the district judge did not personally address William Phillips concerning the waiver of his constitutional rights. Rather, the district judge accepted the following blanket statement from defendant's counsel:

> "I might also further indicate for this record that insofar as I am able I have advised my client of his constitutional rights; that is, he has a right to trial by jury and the different things that are guaranteed by the constitution. This plea is entered by me, and he will corroborate this, of guilty. This is his desire and his wish."

Prior to the 1966 revision of Rule 11, this statement might have passed muster. However, that amendment made it the *personal* duty of the trial judge to question a defendant on the voluntariness of his plea. Statements by defendant's counsel do not satisfy Rule 11's mandate that the court personally address the defendant. *United States v. Tucker,* 425 F.2d 624, 629 (4th Cir. 1970). This requirement serves a dual purpose as pointed out in *McCarthy, supra:*

> "By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack." 394 U.S. at 466, 89 S.Ct. at 1171.

In his opinion the district judge makes much of the fact that petitioner was represented by retained counsel who, the judge noted, was an experienced criminal lawyer. While Phillips' counsel may have carefully explained all of the rights defendant would waive, the purpose of Rule 11 is to make the validity of the plea dependent on the completeness of the record as developed by the court and not on the reputation of defendant's counsel. *See* Mr. Justice Black's concurring opinion in *McCarthy, supra,* at 477, 89 S.Ct. 1166.

Equally troublesome is the fact that defendant was not told of the possible consequences of his plea. While it is true that this had been alluded to at his arraignment two weeks earlier (at which time he pled not guilty), Rule 11 clearly requires that this be done at the time of the guilty plea. As was pointed out in analogous circumstances in *United States v. Rex,* 465 F.2d 875 (6th Cir. 1972), the issue is not whether the defendant knew of the maximum penalty, but whether the trial court complied with Rule 11. Quoting from *McCarthy, supra,* the court emphasized:

> "Second, the rule is intended to produce a complete record *at the time the plea is entered* of the facts relevant to this voluntariness determination." 465 F.2d at 877.

The requirement that the judge personally discuss the consequences of the plea with a defendant at the time the plea is offered has substantial basis. In the modern context of plea bargaining it is seldom that a defendant pleads guilty to (all of) the charge(s) in the original indictment. In many instances the guilty plea is made subject to a so-called "Rule 11 arrangement" in which the maximum sentence agreed to is less than that prescribed by the statute. In order to avoid confusion and preclude spin-off collateral attacks it is imperative that this matter be addressed and be understood at the time the plea is accepted.

Since the plea in this case fails to meet Rule 11 requirements in at least two respects it must be remanded for a hearing at which time petitioner is given the opportunity to plead anew. *McCarthy, supra.* If the district court does not accept the plea or if the petitioner does not plead guilty, a trial must follow.

Reversed and remanded.