**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Glen Alan BROGAN, Defendant-Appellant.**

**No. 75–1156.**

United States Court of Appeals, Sixth Circuit.

Aug. 1, 1975.

Certiorari Denied Dec. 15, 1975. See 96 S.Ct. 569.

N. C. Deday LaRene, Neil H. Fink, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, U. S. Atty., Kenneth J. Haber, Robert D. Sharp, Detroit, Mich., for plaintiff-appellee.

Before WEICK, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Upon consideration of the briefs, the arguments of counsel and the record we are of the opinion that it was discretionary with the District Court whether to allow or to deny Brogan's motion to withdraw his plea of *nolo contendere* to a charge of conspiracy to manufacture counterfeit notes.

■ The Court, in denying Brogan's motion, did not abuse its discretion. *United States v. Vallejo,* 476 F.2d 667, 671 (3d Cir. 1973). Brogan was sentenced to three months' imprisonment, to be followed by 21 months' probation and a fine of $5,000.

Brogan had been indicted along with four other codefendants. All of the defendants, except William Collier, had entered *nolo contendere* pleas on the day set for the trial. Brogan negotiated his plea of *nolo contendere* in order to protect his race track career. After his plea had been accepted by the Court, Brogan testified as a witness for the Government in the trial against Collier. Brogan admitted his own participation in the counterfeiting venture. He testified that he thought the venture was a good idea and he contributed $600. to it.

■ Brogan contends further that the District Court, in accepting his *nolo contendere* plea, neglected to comply with Rule 11 of the Federal Rules of Criminal Procedure. He relies principally on *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Rex,* 465 F.2d 875 (6th Cir. 1972).

The record shows the following colloquy between the District Court, counsel for defendant and the defendant:

THE COURT: All right, Mr. Fink.

MR. FINK: May it please the Court, the defendant at this time wishes to withdraw his former plea of not guilty to Count Two of the Indictment, and enter a plea of *nolo contendere.*

I have advised the defendant of hs various constitutional rights he waives by entering such a plea and I suppose your Honor would go into that with the defendant.

THE COURT: Yes.

MR. FINK: I have advised him that there have been no promises made as to sentence, that he could get up to five years in prison.

THE COURT: All right. Brogan, you have heard Mr. Fink, your attorney, advise the Court that he has discussed this matter with you?

DEFENDANT BROGAN: Yes sir.

THE COURT: Has he explained your rights to you?

DEFENDANT BROGAN: Yes, sir.

THE COURT: And—will you have your people sit down?

MR. KHOURY: Very well, your Honor.

THE COURT: This is still a courtroom, not a convention.

And you thoroughly understand the charge in Count Two you are going to plead to?

DEFENDANT BROGAN: Yes, sir, I do.

THE COURT: And are there any questions in your mind about it?

DEFENDANT BROGAN: No, sir.

THE COURT: And has he fully advised you as to your rights in this proceeding?

DEFENDANT BROGAN: Yes, sir, he has.

THE COURT: And do you have any questions as to what your rights are?

DEFENDANT BROGAN: No, sir, he fully explained it to me.

THE COURT: All right, what plea do you enter to Count Two?

DEFENDANT BROGAN: How do you say it?

THE COURT: A plea of *nolo contendere* is what he said.

DEFENDANT BROGAN: Yes.

THE COURT: And are you offering a plea of *nolo contendere* because it is a free and voluntary act on your part?

DEFENDANT BROGAN: Yes, sir, I am.

THE COURT: Has anyone promised you anything in return for your plea of *nolo contendere* ?

DEFENDANT BROGAN: No, sir, they haven't.

THE COURT: Has anyone threatened you in any way to have you plead *nolo contendere* ?

DEFENDANT BROGAN: No, they haven't, sir.

THE COURT: And has the plea of *nolo contendere* been explained to you?

DEFENDANT BROGAN: Yes, sir, it has.

THE COURT: So you fully understand that under that plea, as a consequence of your plea, you may be required to serve a term of imprisonment of five years or any part of five years?

DEFENDANT BROGAN: Yes, sir.

THE COURT: What is the fine?

MR. HABER: $10,000, your Honor.

THE COURT: And/or a fine of $10,000 or any part of $10,000?

DEFENDANT BROGAN: Yes, sir.

THE COURT: Or you may go out on probation?

DEFENDANT BROGAN: Yes, sir.

THE COURT: Knowing of all those consequences, do you still enter a plea of *nolo contendere*?

DEFENDANT: Yes, sir.

THE COURT: All right, the plea is accepted and the matter will be referred to the Probation Department.

In our opinion this was a substantial compliance with Rule 11. It is significant that Brogan makes no claim that he was ignorant of the offense of which he had been charged, or that he was not advised of and did not know his constitutional rights. In fact, his counsel represented to the Court in the presence of the defendant that he had been fully informed and advised of all of them. The District Court addressed the defendant on these subjects and Brogan represented that he had discussed his plea with his attorney and that his rights were explained to him; that he understood the charge and there were no questions in his mind about it; and that he was fully advised of his rights in the proceeding. When asked by the Court whether he had any questions as to what his rights were, Brogan answered:

No, sir, he [Brogan's counsel] fully explained it to me.

In questioning Brogan the Court also established that the plea was voluntary and uncoerced, and that no promises had been made to him.

In our opinion this case is controlled by our recent decision in *United States v. Kereluk*, 497 F.2d 925 (6th Cir., 1974). Kereluk was Brogan's co-defendant, who entered a plea of *nolo contendere* before the same District Judge, and we upheld the same colloquy as being in compliance with Rule 11.

We believe that we have not yet reached the stage where Courts will require the parroting of any rule; nor should we encourage a defendant to trifle with the Court.

Affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. Rule 11 requires the district court, before accepting a plea of *nolo contendere,* to inquire into a defendant's understanding of the nature of the charge against him, and this requires an explanation of the basic acts that must be proved in order to establish guilt. *United States v. Vallejo*, 476 F.2d 667 (3d Cir. 1973), *United States v. Cantor*, 469 F.2d 435 (3d Cir. 1972). The change-of-plea proceedings quoted in the majority opinion show that the consequences of the plea were explained but the nature of the charge was not. The Supreme Court has said: "There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." *McCarthy v. United States*, 394 U.S. 459, 470, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418 (1969) (emphasis in original). *McCarthy* is mandatory, and, accordingly, I would vacate the judgment of conviction and permit appellant to withdraw his plea.