

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2007

# USA v. Mejia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mejia" (2007). *2007 Decisions.* Paper 1264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4549
_____


UNITED STATES OF AMERICA

v.

ANGEL MEJIA,
                              Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00032-1)
District Judge: Honorable Juan R. Sanchez
_____


Submitted Under Third Circuit LAR 34.1(a)
on March 26, 2007

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed: April 18, 2007)


_____


OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Appellant Angel Mejia appeals from the Order of the United States District Court for the Eastern District of Pennsylvania entered on October 28, 2005. Mejia argues that the District Court's denial of his motion to withdraw his guilty plea constituted an abuse of discretion. We do not agree. However, because the Government acknowledges that it misled both Mejia and the District Court as to the applicable mandatory minimum for one of Mejia's crimes of conviction, we will vacate Mejia's sentence and remand to the District Court for re-sentencing.

## I.

On April 28, 2005, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Angel Mejia, a Mexican national illegally present in the United States, with nine crimes, all stemming from his role in a kidnapping and subsequent shoot-out with law enforcement officials in October 2004. Specifically, the indictment charged Mejia with: conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a) (Count 1); hostage taking, in violation of 18 U.S.C. § 1203(a) (Count 2); assaulting, resisting, and impeding federal agents, in violation of 18 U.S.C. § 111 (Counts 3 and 4); attempted murder of a federal employee, in violation of 18 U.S.C. § 1114 (Counts 5 and 6); using a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 7 and 8); and being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) (Count 9).

On June 20, 2005, Mejia pled guilty to each count after entering into a written plea agreement with the Government. The agreement set forth the relevant statutory minimum and maximum sentences to which Mejia could be exposed for each count in the indictment. With respect to Count 8, the agreement indicated that the mandatory minimum was 10 years – a figure that the Government reproduced in its Change of Plea Memorandum and that the District Court later repeated during the Rule 11 plea colloquy.

The District Court initially scheduled Mejia to be sentenced on October 3, 2005, but, one week before this date, Mejia filed a motion to withdraw his guilty plea. Mejia claimed that the kidnapping was not a kidnapping at all, but, rather, a scheme orchestrated by the victim, Carlos Correa, to secure ransom money that Correa could use to satisfy his gambling debts. Mejia argued that, because Correa participated in the kidnapping, he was not taken against his will and, therefore, that Mejia's actions did not fulfill a crucial element of the crime. After a hearing, at which Mejia testified, the District Court denied the motion, concluding that Mejia's innocence claim lacked credibility in light of the knowing and voluntary nature of his initial plea as well as his admissions of guilt to law enforcement officials immediately following the crime, to the court at the initial plea hearing, and even at the plea withdrawal hearing itself.

After denying Mejia's motion to withdraw, the District Court proceeded to sentencing. A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. In it, the United States Probation Office indicated that the mandatory minimum for Count 8 was 25 years, not 10 years, as had previously been

3

represented by the Government in the plea agreement and subsequently repeated by the District Court during Mejia's plea colloquy. Mejia objected to this aspect of the PSR but was overruled by the District Court at the sentencing hearing. Mejia did not renew his motion to withdraw his guilty plea based on this new information. Ultimately, the District Court imposed a sentence of 646 months, or 53½ years. The sentence consisted of: 262 months for Counts 1 and 2; 120 months for Counts 3-6 and 9, to run concurrently with the 262-month sentence; a mandatory consecutive 84-month sentence for Count 7; and a mandatory consecutive 300-month sentence for Count 8.

Mejia timely filed a notice of appeal.[1] We have jurisdiction to review the denial of Mejia's motion to withdraw pursuant to 28 U.S.C. § 1291 and jurisdiction to review Mejia's sentence pursuant to 18 U.S.C. § 3742(a).

## II.

On appeal, Mejia asks us to review the District Court's decision denying his motion to withdraw his guilty plea, arguing that the District Court abused its discretion in determining that Mejia failed to advance a "fair and just" reason for withdrawal under *Kercheval v. United States*, 274 U.S. 220, 224 (1927). We reiterate that Mejia's motion before the District Court was based not on the mistaken mandatory minimum but, rather,

---

[1]Although Mejia waived his right to appeal as part of his plea agreement with the Government, the Government has waived the applicability of this provision to the extent that Mejia appeals the District Court's decision denying Mejia's withdrawal of his guilty plea.

4

on his contention that the kidnapping was orchestrated by the victim. We conclude that the District Court did not abuse its discretion in rejecting this argument.

"Acceptance of a motion to withdraw a plea of guilty lies within the sound discretion of the trial court and its determination will only be disturbed where it has abused its discretion." *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973) (citing *United States v. Stayton*, 408 F.2d 559, 561 (3d Cir. 1969)). In *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001), we set forth the following framework for district courts to follow in determining whether to grant or deny a motion to withdraw a guilty plea:

> Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim. Rather, a defendant must have a fair and just reason for withdrawing a plea of guilty. We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea. A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.

*Brown*, 250 F.3d at 815 (citations and quotations omitted).

Additionally, where the defendant asserts his innocence after having admitted guilt during a plea colloquy, as Mejia has done here, we have said that the defendant must "give sufficient reasons to explain why contradictory positions were taken before the district court." *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in United States v. Roberson*, 194 F.3d 408 (3d Cir.

5

1999).  Of course, for the defendant's proffered reasons to be "sufficient," they must be credible.  We agree with the District Court that Mejia's reasons lack credibility.

First, as noted by the District Court, Mejia was in custody for twelve months between the time of his arrest and the filing of his motion to withdraw and, in that time, did not once contend that Correa was the mastermind of the kidnapping.  Instead, Mejia raised this contention for the first time in his motion to withdraw, one week before his sentencing hearing.  Additionally, Mejia's new claim ran counter to several statements he made at various points from the time of his arrest through his guilty plea hearing.  For instance, Mejia gave a *Mirandized*, tape-recorded confession in his native language of Spanish, in which he said that he did not even know Correa's *name* at the time of the kidnapping and that one of his co-conspirators was the ringleader.  Additionally, at his guilty plea hearing, Mejia thoroughly admitted his guilt and did not contest the Government's characterization of the facts.  Finally, as the District Court pointed out, Mejia contradicted the claims he made in his withdrawal motion by admitting to the facts of the kidnapping at the very hearing held to argue the withdrawal motion.  In light of these substantial inconsistencies and the lack of credibility they strongly suggest, we cannot say that the District Court abused its discretion in failing to grant Mejia's motion to withdraw his guilty plea.

## III.

Although we find no reversible error in the District Court's decision to deny Mejia's motion to withdraw, there remains a serious defect in the District Court proceedings. The Government admits that it misled both Mejia and the District Court when it indicated, both in the plea agreement and the Change of Plea Memorandum, that the mandatory minimum sentence for Count 8 was 10 years when, in fact, the minimum is 25. The District Court compounded this error during Mejia's Rule 11 colloquy when it repeated the erroneous minimum sentence put forward by the Government. Although there is no indication that the Government's misrepresentation was intentional, the impact is equally problematic: Mejia pled guilty to a charge without knowing the correct mandatory minimum in contravention of Rule 11 of the Federal Rules of Criminal Procedure.

We have previously noted that, while we do not take this type of error lightly, we nonetheless employ harmless error review pursuant to Rule 11(h) and ask whether the error likely affected the defendant's willingness to waive his rights and enter a plea. *See United States v. Powell,* 269 F.3d 175, 185 (3d Cir. 2001). If it did, we would conclude that his waiver of rights was invalid and that his plea was ineffective as well. But that is not the situation presented here. To the contrary, Mejia has not argued that had he known of the longer sentence, he would have elected to proceed to trial. Moreover, Mejia pled guilty with the full knowledge that, on four of the nine counts against him, the District Court could have imposed a life sentence. Indeed, during the plea colloquy, the District

7

Court explicitly warned Mejia that he faced a potential life sentence if he pled guilty. Appendix at 53, 60. ("In other words, you basically could be warehoused in a United States prison for the rest of your natural life"; "I could put you in prison for the rest of your natural life.") It would defy reason to suggest that, despite his exposure to multiple life sentences, Mejia would have gone to trial because of a fifteen-year change in the mandatory minimum for one count. Accordingly, we find the error to be harmless.[2]

As it did in a similar fact pattern in *Powell*, the Government here acknowledges that it misrepresented to Mejia and to the District Court that the minimum for which Mejia would be liable on Count 8 was 10 years, when in fact the minimum was two-and-a-half times that amount. In *Powell*, the defendant argued that he was entitled to specific performance of a lower term of supervised release based on this "breach." The Government responded by suggesting a remand for re-sentencing, because, arguably, it should recommend a sentence consistent with its agreement. The Government makes the same suggestion here, noting "when the government agrees to the applicability of a certain sentence, the government is bound by its word." Brief for Respondent at 37. We agree that this is an appropriate accommodation in this unique factual setting.

We recognize that the District Court does not have the power to sentence Mejia below 25 years for Count 8, even if it is so inclined, regardless of the terms of the plea

---

[2] Because we are vacating Mejia's sentence, we need not reach his argument that the sentence imposed by the District Court violated the Eighth Amendment's prohibition on cruel and unusual punishment.

8

deal, so that specific performance is not available even if this had been an outright breach. However, the Government assures us that, on remand, it will recommend a reduction in other portions of Mejia's sentence to offset the additional 15 years to which Mejia was sentenced for Count 8. We trust that, on remand, the District Court will require the Government to adhere to its agreement in this regard.

## IV.

For these reasons, we will AFFIRM the Order of the District Court denying Mejia's motion to withdraw, VACATE Mejia's sentence, and REMAND for re-sentencing.