**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3264

_____

UNITED STATES OF AMERICA

v.

HO-MAN LEE,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cr-00029-001)
District Judge:  Hon. Kevin McNulty

_____

Submitted Under Third Circuit LAR 34.1(a)
on Tuesday, June 7, 2016

Before: CHAGARES, KRAUSE and SCIRICA, *Circuit Judges*

(Opinion filed:  November 3, 2016)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Ho-Man Lee was arrested and charged with one count of conspiracy to unlawfully produce driver's licenses and three counts of unlawfully producing such identification documents. He pleaded guilty to the conspiracy charge and, over a year later, filed a motion to withdraw his guilty plea. The District Court denied that motion, and Lee now appeals that decision. For the reasons set forth below, we will affirm.

## I.  **Background**

Because we write primarily for the parties, we provide background only as relevant to the issues on appeal. Lee is a native of South Korea, who was admitted to the United States as a Lawful Permanent Resident in the late 1990s. In 2007, he met a man named Han Chul Na. They became friends, and, according to Lee, in 2008, Na requested Lee's assistance in procuring information on criminal activity in the Korean community. Per Lee, Na indicated he was a part-time agent for the United States Immigration and Customs Enforcement Office (ICE) and claimed he needed a "big case" to have his contract renewed and to obtain full-time employment with ICE. App. 7, 108. Lee maintains that Na showed him a badge, handcuffs, and a business card listing Na as "Director" of Homeland Security. App. 7. Lee agreed to help and began providing information on a number of criminal organizations, including ones involved in financial fraud, illegal gambling, and prostitution.

According to Lee, in 2011, Na instructed him to infiltrate a document-fraud conspiracy administered by a man named Oscar Park, in which capacity Lee assisted Park in fraudulently obtaining driver's licenses using forged documentation. Lee received

2

$500 for each issued license, which he claims to have donated to a scholarship. At some point in 2012, Lee left Park's enterprise and began an operation with Na that, like Park's organization, helped undocumented aliens fraudulently obtain driver's licenses.

On June 27, 2012, Lee was arrested for his role in Park's document-fraud conspiracy. On January 7, 2014, a week before trial was scheduled, Lee pleaded guilty. One year later, he filed a motion to withdraw his guilty plea, arguing that he lacked the necessary mental state to commit conspiracy because he believed he was assisting Na as a government agent—a belief Lee contends is substantiated by evidence that, after Lee's plea, Na was arrested with Homeland Security business cards in his possession and thereafter began cooperating formally with the United States Government. The District Court denied Lee's motion.

## II. Standard of Review

We review the District Court's denial of a motion to withdraw a guilty plea for abuse of discretion and its findings of fact for clear error. *United States v. Martinez*, 785 F.2d 111, 113 & n.1 (3d Cir. 1986).

## III. Discussion

There is no absolute right to withdraw a guilty plea, *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973), and a defendant faces a "substantial burden" in demonstrating that withdrawal should be allowed, *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). Federal Rule of Criminal Procedure 11(d)(2)(B) states, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the

3

withdrawal."[1]  The fair-and-just-reason inquiry focuses on the so-called *Jones* factors, which take into account, "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

To satisfy the first factor, a defendant must make a credible showing of innocence, supported by a factual record. *See id.* at 253 (concluding that a "blanket assertion of innocence" was insufficient because the defendant "offered no credible facts in support of his claim"). In analyzing the second factor, a defendant must give "strong reasons," *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010), to justify withdrawing what we have described as a "solemn admission" of guilt, *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). A "shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons" to withdraw a guilty plea. *Jones*, 336 F.3d at 252 (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)).

On appeal, Lee argues that the District Court erred in analyzing his assertion of innocence, the first prong of the *Jones* test, by failing to consider his good faith and

---

[1] Lee cites a number of cases that stand for the proposition that courts should "freely allow[]" guilty plea withdrawals. Appellant's Br. 22 (citing *United States v. Young*, 424 F.2d 1276 (3d Cir. 1970); *Kadwell v. United States*, 315 F.2d 667 (9th Cir. 1963); *Gearhart v. United States*, 272 F.2d 499 (D.C. Cir. 1959)). However, each of these cases pre-dates the 1983 Amendments to the Federal Rules, which added the fair-and-just-reason standard to Rule 32(d), now codified at Rule 11(d). Since the amendment, this Court has applied a more stringent test to adjudicate the merit of withdrawal motions. *Martinez*, 785 F.2d at 115-16 (rejecting proposition that permission to withdraw should be "freely granted" as "contrary to the 1983 amendments to [the Rules]"); *see also Jones*, 336 F.3d at 252 ("The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial.").

4

entrapment defenses, by making credibility determinations about witnesses at his change of plea hearing, and by deciding the ultimate issue of Lee's culpability. Lee next argues, as to the second prong of the *Jones* test, that the District Court erred in analyzing the strength of his reasons for withdrawing his plea by failing to consider the Government's *Brady* and *Giglio* violations, by failing to consider the fact that Na was arrested after Lee's guilty plea, and by refusing to grant defense counsel a continuance that Lee contends was necessary to adequately prepare for trial. We will address each argument below.[2]

### A.     First *Jones* Factor: Lee's Innocence

Lee argues that the District Court erred in its assessment of his innocence under the first *Jones* factor, faulting the Court for failing to consider, or give proper weight to, his good faith and entrapment defenses, and, in so doing, improperly making determinations as to the credibility of testimony offered at Lee's change of plea hearing and as to Lee's ultimate culpability. We disagree.

Lee urges that because Na duped him into believing he was assisting a government agent, he lacked the intent necessary to be guilty of conspiracy, and the District Court thus was wrong to discard his argument that a good faith defense warranted withdrawal of his guilty plea. The District Court, however, amply considered as part of its analysis under the first *Jones* factor whether Lee lacked the necessary mental state to plead guilty, and it rejected Lee's argument for sound reasons based on the record. Lee characterizes

---

[2] While Lee mentions the third *Jones* factor in passing, he does not challenge the District Court's decision on the basis of that factor.

this analysis as an improper assessment of the credibility of testimony and of Lee's culpability. But a defendant must offer more than a "bald assertion of innocence," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005), to merit a withdrawal of a "solemn admission" of guilt, *Isaac*, 141 F.3d at 485, and the application of this standard necessitated that the District Court analyze the record to determine if Lee's assertion of innocence was supported by a foundation in the factual record, *Gov't of V.I. v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980) ("[T]he good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are preeminently issues for the hearing court to decide." (quoting *United States v. Washington*, 341 F.2d 277, 281 (3d Cir. 1965));[3] *see also Martinez*, 785 F.2d at 113 n.1 (citing *Berry* for same proposition). If we were to accept Lee's approach and prohibit district courts from weighing the evidence supporting a defendant's assertion of innocence, "withdrawal would effectively be an automatic right [because t]here are few if any criminal cases where [a] defendant [could not] devise some theory or story which, if believed by a jury, would result in his acquittal." *Berry*, 631 F.2d at 220 (quoting *United States v. Barker*, 514 F.2d 208, 221

---

[3] Although *Berry* was decided in 1980, prior to the 1983 Amendments to the Federal Rules, it applied Supreme Court case law that imposed a fair-and-just-reason standard on withdrawal of guilty pleas. *Berry*, 631 F.2d at 219 ("[T]he Supreme Court has enunciated the standard that such withdrawal should be permitted 'if for any reason the granting of the privilege seems fair and just.'" (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927))).

(D.C. Cir. 1975)).[4]  Accordingly, while Lee disagrees with the District Court's

disposition under the first *Jones* factor, we perceive no abuse of discretion.

As for Lee's argument on an entrapment defense, a review of Lee's motion to

withdraw reveals that he never raised entrapment as a basis for innocence in that motion,

and "[i]t is axiomatic that 'arguments asserted for the first time on appeal are deemed to

be waived and consequently are not susceptible to review in this Court absent exceptional

circumstances.'"[5]  *Tri-M Group, LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011)

(quoting *United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010)).  Because Lee

has failed to proffer a showing of exceptional circumstances, we decline to consider his

entrapment defense.

### B.      Second *Jones* Factor: Strength of Lee's Reasons for Withdrawal

Lee's argument as to the second *Jones* factor—the strength of his reasons to

withdraw his plea—are threefold.  None are persuasive.

First, Lee insists that the Government failed to disclose material exculpatory

evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United

States*, 405 U.S. 150 (1972).  In particular, he argues the Government failed to disclose:

---

[4] Moreover, the District Court did not make an ultimate determination about Lee's guilt.  Lee's motion was predicated on the fact that he had already pleaded guilty to the crimes charged in the indictment and had already stated under oath and on the record at his plea hearing that he was "in fact guilty to the charges [to] which [he pleaded]."  App. 266.  The District Court cannot be held accountable for finding guilt where Lee had already admitted to as much himself.

[5] The Government contends we apply a plain error standard of review, but the cases it cites in support involved counsel's failure to object to evidentiary issues at trial. *United States v. Christie*, 624 F.3d 558, 567-69 (3d Cir. 2010) (reviewing trial testimony to which counsel failed to object for plain error).

(1) business cards, an ICE badge, and handcuffs found on Na when Na was arrested, (2) Na's post-arrest statement to police that he tricked Lee into believing he was an ICE agent, (3) evidence Na was an informant, and (4) information about Na's history of fraudulent misrepresentations to the Government. But, once again, Lee's motion reveals that, while he argued new information became available after his guilty plea, he never raised *Brady* or *Giglio* violations to the District Court. Accordingly, Lee's *Brady* and *Giglio* arguments are waived on appeal. *Tri-M Group, LLC*, 638 F.3d at 416.

Second, Lee contends that, even if the Government did not violate *Brady* and *Giglio*, Na was arrested after Lee pleaded guilty, thereby ensuring Lee's "ability to secure Na's presence at trial." Appellant's Br. 41. We agree with the District Court that, to the extent Lee argues this change in circumstances justifies his change of plea, he has failed to proffer a legitimate reason as to why Na would not have been available to testify before he was arrested. Na had met with an investigator and provided documents to aid in Lee's defense prior to Lee's plea, and Lee was informed at his plea colloquy that he would be able to both call witnesses to testify on his behalf and "issue subpoenas or compulsory process for witnesses to testify in [his] defense." App. 267. His argument that Na's arrest made him more available as a witness is therefore meritless.

Third, Lee argues he was given inadequate time to prepare for trial and that the District Court abused its discretion in denying his attorney's request for a continuance, thus rendering his guilty plea involuntary. Specifically, he points to retaining new counsel less than thirty days before trial, and, in that thirty days, he points out, "the government . . . provided thirty-eight . . . critical exculpatory email . . . and further failed

8

to provide translations for hundreds of other emails that were in the Korean Language and may have been exculpatory." Appellant's Br. 42. We note, first, that the docket reflects that no motion for a continuance was ever filed by Lee's counsel, much less denied. Instead, Lee's counsel requested a pre-trial conference to discuss how to handle the flood of new documents, but then withdrew that same request the following day. The District Court cannot have erred in denying a request for a continuance that was never made. And because this argument was not presented to the District Court, we deem it waived on appeal in any event. *Tri-M Group, LLC*, 638 F.3d at 416.

## IV.    Conclusion

For the reasons set forth above, the District Court did not abuse its discretion in denying Lee's motion to withdraw his guilty plea, and we will affirm.