**UNITED STATES of America**

v.

**Philip J. MAINER, Appellant.**

**No. 15971.**

United States Court of Appeals Third Circuit.

Submitted Nov. 29, 1966.

Decided Sept. 7, 1967.

Philip J. Mainer, pro se.

David M. Satz, Jr., U. S. Atty., Newark, N. J. (Jonathan Kohn, Asst. U. S. Atty., on the brief), for appellee.

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

Appellant attacks the denial by the district court of his motion for leave to withdraw his plea of guilty. His claim is that he should be permitted to withdraw his plea of guilty because he was induced to enter it by his court-appointed counsel, who failed to prepare his defense and assured him of the promise of the Assistant United States Attorney that if he entered the plea he would receive a two year sentence to run concurrently with a longer sentence imposed in New York, which he was serving at the time.

Appellant carries a heavy burden, for after sentence has been pronounced a plea of guilty may be withdrawn only "to correct manifest injustice." [1] Appellant has the burden of proving that he would suffer manifest injustice if his plea of guilty is not withdrawn and the determination of this question by the district court lies within its sound discretion, which will not be interfered with on appeal unless it ap-

1. Rule 32(d) of the Federal Rules of Criminal Procedure provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

pears that there was an abuse of discretion.[2]

Appellant was brought to trial on February 21, 1966, on a two count indictment for unlawful possession and sale of counterfeit currency, in violation of 18 U.S.C. § 472. That afternoon a jury was impaneled and the case was recessed to February 23, 1966, the intervening day being a legal holiday. Shortly after the court reconvened on February 23, appellant was given permission to retract his plea of not guilty and to enter a plea of guilty to the first count, charging unlawful possession. On March 11, 1966, the court sentenced him to imprisonment for a term of five years to run concurrently with the New York sentence. Action on count 2, charging unlawful sale, was postponed at the time; the count was later dismissed by the court on motion by the government. When sentence was passed a contention immediately arose whether appellant would be required to serve any imprisonment under it if the New York sentence should expire earlier. This involved consideration of the period of time appellant had already served under the New York sentence and what credit he would be given for the period of imprisonment prior to sentence. The district judge refused to express his view on any of these considerations but, apparently having in mind Rule 35, assured appellant's counsel that he would have sixty day[3] in which to study the effect of the sentence and if he had misunderstood its effect, to seek to obtain its reduction, or to seek the withdrawal of the plea of guilty. Appellant himself interjected that he wished to withdraw his plea of guilty, but the court denied his request "at this time."

On March 14, 1966, by letter application and shortly afterward by a formal motion, appellant applied to the district court for leave to withdraw his plea of guilty to count 1. He alleged his innocence of the charges against him, the inadequacy of his court-appointed counsel, and the inducement to change his plea to guilty by the misrepresentations of his counsel and the Assistant United States Attorney, who had promised him that if he pleaded guilty he would receive a two year sentence which would run concurrently with the sentence imposed in New York.

On April 22, 1966 a proceeding was held in the district court which the district court referred to as an "argument". Appellant was present and waived counsel after the court's assurance that it would appoint counsel for him if he desired. The court after summarizing the background of the proceedings said that it would "now hear what *proofs* Mr. Mainer has to offer in support of his application to withdraw his guilty plea."[4] When appellant began to narrate his version of what occurred, the court interrupted him and said that it would permit him to "argue this way" and would also give him "the privilege of taking the witness stand" if he wished. Appellant proceeded with his narration, in which he set out at length his claim of an inducing promise made to him by the Assistant United States Attorney and his counsel. At the conclusion of appellant's narrative the court asked if he had anything further to add, or if he wished "to tell

2. United States v. Ptomey, 366 F.2d 759 (3 Cir. 1966); United States v. Washington, 341 F.2d 277, 281 (3 Cir. 1965), cert. denied sub nom. De Gregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965); United States v. Shneer, 194 F.2d 598 (3 Cir. 1952).

3. Rule 35 of the Federal Rules of Criminal Procedure now prescribes a period of 120 days. It provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sen-

tence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

4. Emphasis added.

[his] * * * story from the witness stand" and indicated that the court would accept his narrative as already made. Appellant had nothing further to add and the court then heard informally from the Assistant United States Attorney and appellant's counsel, who before giving his version was relieved from the attorney-client relationship. Both lawyers denied appellant's claim.

The district judge recalled to appellant the detailed inquiry which he had made before permitting him to withdraw his plea of not guilty and enter the plea of guilty to count 1. The court had there adequately examined appellant on the voluntariness of his change of plea and had pointed out to appellant that the maximum penalty was fifteen years imprisonment or a fine of $5,000 or both, and that he had no assurance whatever that the court would impose any sentence less than the maximum and appellant had indicated that no promises of any kind had been made to him by anyone regarding the sentence which might be imposed. The court thereupon denied appellant's application to withdraw his plea of guilty on count 1.

■■■ On the present record it is impossible to determine whether the district court abused its discretion in rejecting the application or was fully warranted in doing so. The court acted on colloquies between contending parties at what it considered an argument, when in fact the proceeding before it was an adversary one which required the following of at least the rudimentary procedural channels for the determination of disputed questions of facts. Instead the proceeding resembled a discussion on sentencing, with a plea for relief presented to the court by appellant in a kind of extrajudicial narrative, and opposition to it expressed in similar narrations by his former counsel and the Assistant United States Attorney. To permit this was error, for the proceeding was in effect a trial to determine whether appellant's charge, on which he had the burden of proof, was true or false.[5]

We need not determine whether in a proceeding such as this which so closely resembles one under 28 U.S.C. § 2255, the court would have been justified in declaring that the court's files containing the earlier proceedings sufficiently undermined the claim and therefore made a hearing unnecessary.[6] The court had fixed a hearing on appellant's application and the adequacy of what followed therefore must be judged by the requirements of a legal hearing. It is impossible to decide what effect appellant's testimony might have had on the district judge if it had been strengthened by the sanctity of an oath. Indeed, we cannot even know whether his sworn testimony would have been precisely the same as his conversational narrative. In any event, a rejection of an unsworn statement cannot be accepted as a determiation of what might have been given in evidence under oath, nor can it be founded on a defense presented by unsworn statements. Nor can it be assumed that the application was rejected solely because of what had taken place at the sentencing and that the unsworn statements therefore were given no consideration by the court. The record gives no such indication and in that event there would have been no need to hold the proceeding or to hear the narrative statements.

In this state of the record, therefore, we shall vacate the order denying the application for leave to withdraw the plea of guilty to count 1 and remand the cause to the district court for further proceedings consistent with this opinion.

5. Cf. the discussion in Reitz, ABA Project, Standards Relating to Post-Conviction Remedies 72–78 (tent. draft 1967).

6. See 8 Moore, Federal Practice § 32.07 [4] (Cipes ed. 1966).