428

**UNITED STATES of America**
**v.**
**John STAYTON and Rita Stayton.**
**Crim. No. 22897.**

United States District Court
E. D. Pennsylvania.

March 28, 1968.

Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William P. Stewart, Asst. Defender, Philadelphia, Pa., for defendants.

## OPINION

BODY, District Judge.

John Stayton and Rita Stayton, husband and wife, were indicted for conspiring to utter and pass counterfeit ten dollar ($10) bills at the Allegro Bar in Philadelphia in a three-count indictment.

On July 7, 1967 John Stayton pleaded not guilty to the said three counts. Then later, on September 18, 1967, he entered a plea of guilty to Count #1 with the understanding that the United States Attorney would move to dismiss Count #3 at the time of sentence as he was not named in Count #2.

Sentence was delayed pending the trial of Rita Stayton who had pleaded not guilty. Meanwhile, the said John Stayton remained in confinement at the Detention Center on various local charges. Thereafter, on January 25, 1968 the case of the said Rita Stayton was called for trial and after hearing all of the Government's testimony, followed by a motion to dismiss which was refused, she changed her plea from not guilty to guilty.

On February 16, 1968 a motion was filed by John Stayton to withdraw his guilty plea averring that "Defendant pleaded guilty for reasons other than an admission of his guilt: said reasons can best be expressed by defendant."

On March 11, 1968 a hearing was held when the petitioner presented his reasons for filing his motion for a withdrawal of his plea. The reasons summed up are that he was of the opinion that if he was sentenced in this Federal Court, that a deal would be made

whereby the outstanding and pending charges, viz:

(a) Armed robbery and other charges in Philadelphia County, Pennsylvania;

(b) Bad check and false pretense charges in Lehigh County, Pennsylvania;

(c) Carrying a concealed deadly weapon in Greenwich, Connecticut;

(d) Stolen motor vehicle, Dyer Act, in Delaware;

(e) False pretense in state offense in Delaware;

would be merged or forgotten if he received federal confinement. On these matters he had no promises from his attorney, the Public Defender, or the United States Attorney, but he believed that he would receive no confinement on the other offenses and that he preferred federal confinement as against state confinement.

He presented no concrete evidence, oral or written, of any commitment or promise, nor did his attorney, the Public Defender, say or allege to the Court anything to the contrary.

It is obvious to me that John Stayton waited until the trial of his spouse was terminated to file this petition through the Public Defender. He then had the benefit and knowledge of the testimony of all of the Government witnesses. This, of course, can only be assumed and is based entirely on the fact that he talked to his wife Rita in the Marshal's Office (with the consent of the Court).

He does not allege and charge that his plea was involuntary or that any commitments or promises were made to dispose of the pending charges against him, testifying only that he gathered or concluded that the dropping of the pending charges would be arranged for or would happen in the course of events if he received a federal sentence. He does not allege that he is innocent of the charges. United States v. Hughes, 2 Cir., 325 F.2d 789, 791–792.

So it is my conclusion that he does not allege any good and valid reason for the withdrawal, except that he does not want to be sentenced. He gambled on the outcome of his wife's trial but she pleaded guilty. As stated in the case of United States v. Paglia, 2 Cir., 190 F.2d 445, 447:

"A person indicted for crime may of course insist that only a jury shall decide his guilt; but he must at least deny that he is guilty; he must tender an issue. In the case at bar whether or not Paglia has any ground for relief as to his sentence, surely he has none for withdrawing his plea. He is not entitled to gamble upon the outcome of a trial in which he could succeed only by repudiating what he has twice conceded and does not now disavow. Justice is not a game; there is no constitutional right to 'throw dust in a juryman's eyes, or hoodwink a judge who is not overwise.'"

See also United States v. Nagelberg, 2 Cir., 323 F.2d 936.

So, if there was any prejudice at all it would be against the Government who had opened up its complete evidentiary record when it tried the case against his wife, Rita Stayton; and the further factor that the witnesses who were brought into Court at least two times are becoming recalcitrant.

As stated in the case of the United States v. Mainer, 3 Cir., 383 F.2d 444 [1967], the defendant, John Stayton, carries a heavy burden under Rule 32(d) of the Federal Rules of Criminal Procedure. Under that burden he must prove that he would suffer manifest injustice if his plea of guilty is not withdrawn, and the determination of this question by the District Court lies within its sound discretion.

Our sound discretion is that the petitioner, John Stayton, has failed to meet the burden imposed upon him. Accordingly, leave to withdraw the plea of guilty is refused.