**UNITED STATES of America**

v.

**John STAYTON and Rita Stayton, John Stayton, Appellant.**

**No. 17378.**

United States Court of Appeals Third Circuit.

Submitted Jan. 23, 1969.

Decided March 20, 1969.

Elizabeth Lanford Green, Melvin M. Dildine, Chief Appeals Section, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellant.

Joseph R. Ritchie, Jr., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

## OPINION OF THE COURT

Before HASTIE, Chief Judge, and Mc-LAUGHLIN and STAHL, Circuit Judges.

STAHL, Circuit Judge.

This is an appeal from the refusal of the lower court to grant appellant's request to withdraw his plea of guilty prior to sentencing. Appellant and his wife, Rita, were indicted for conspiring to utter and pass counterfeit ten dollar bills. Appellant originally pleaded not guilty on July 7, 1967. On September 18, 1967, he changed his plea to guilty. Sentencing was delayed pending the trial of his wife. Four months later, in January 1968, the case of Rita Stayton was called for trial and, after hearing all of the government's testimony, she changed her plea from not guilty to guilty following an unsuccessful motion for a judgment of acquittal.

On February 6, 1968 (prior to his sentencing which took place on April 3, 1968), appellant, John Stayton, filed a motion to withdraw his guilty plea. After a hearing on March 11, 1968, the motion was denied in an opinion of the district court on March 28, 1968,[1] and appellant subsequently received a sentence of a fine and imprisonment.

In support of his withdrawal motion, appellant alleged he had been of the opinion that if he were sentenced in a federal court on a guilty plea, other outstanding charges for a number of state and federal offenses would be dropped, or some arrangement made for lighter sentences in those matters, and further that he could serve all of his sentences in federal rather than in state institutions.[2]

The court below, in assessing the testimony presented at the hearing, said that "on these matters * * * [appellant] had no promises from his attorney, the Public Defender, or the United States Attorney, * * * * " [3]

■ The motion to withdraw a guilty plea protects the right of an accused to a trial. Therefore, such requests made *before* sentencing "should be construed liberally in favor of the accused" by the trial courts. Kirshberger v. United States, 392 F.2d 782, 784 (5th Cir. 1968); Kadwell v. United States, 315 F. 2d 667, 670 (9th Cir. 1963); and Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957), where the court said: "Leave to withdraw a guilty plea prior to sentencing should be freely allowed."

In aid of the protection of the right to trial, Rule 32(d) of the Federal Rules of Criminal Procedure in effect establishes two separate standards for the allowance of the withdrawal of guilty pleas:

> (d) A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

One standard is to be applied on a motion for withdrawal of a guilty plea made before the imposition of a sentence; another is to be applied when the motion is made following sentence.

■ In order to avoid motions for withdrawal based on dissatisfaction with a sentence, once imposed, the Rule re-

1. United States v. Stayton, 285 F.Supp. 428 (E.D.Pa.1968).

2. Appellant said his belief was formed "after talking with several of the defenders from the [Defender] Association [of Philadelphia] * * *," (App. 11a–

12a, 26a–27a, 32a), and on the basis of a letter from the United States Attorney's office (App. 20a–23a, 52a). *See* 285 F. Supp. 428–429.

3. 285 F.Supp. at 429.

quires that a *post-sentence* motion should be denied unless "manifest injustice" to the defendant will result: Sullivan v. United States, 348 U.S. 170, 175, 75 S.Ct. 182, 99 L.Ed. 210 (1954); United States v. Washington, 341 F.2d 277, 281 (3d Cir.), cert. denied *sub nom.,* DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965); United States v. Shneer, 194 F.2d 598 (3d Cir. 1952).

■■ In weighing motions for withdrawal of a guilty plea *before* sentencing, the test to be applied by the trial courts is fairness and justice.[4] Though not expressly stated in Rule 32(d), this standard was articulated by way of dictum in Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927): "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for *any reason* the granting of the privilege seems *fair and just.* \* \* \*" (Emphasis added.) *Kercheval* was decided before the adoption of the Federal Rules of Criminal Procedure, but the quoted standard has continued as the guideline for judicial disposition of a pre-sentence motion to withdraw a plea of guilty: Nagelberg v. United States, 377 U.S. 266, 84 S.Ct. 1252, 12 L.Ed.2d 290 (1964); Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499, 502 (1959); United States v. Nigro, 262 F. 2d 783, 787 (3d Cir. 1959); Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979, 985 (1964) (dissenting opinion by Judge Wright.)[5]

■■ This does not mean that every motion for withdrawal before sentence should be granted. There is no absolute right to withdraw a guilty plea, and the right to do so is within the sound discretion of the trial court. Nagelberg v. United States, *supra;* Burnett v. United States, 404 F.2d 29 (10th Cir. 1968); United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966); United States v. Washington, *supra* 341 F.2d at 281; Everett v. United States, *supra* 336 F.2d at 983; United States v. Colonna, 142 F.2d 210 (3d Cir. 1944).[6] If the government can

4. The reason for the different standards in treating motions before and after sentence is set forth in Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963):

   This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interst in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process. (Footnotes omitted.)

   *See generally* 8A Moore, Federal Practice ¶ 32.07 [2] and [3] (2d ed. 1968); Note, Pre-Sentence Withdrawal of Guilty Pleas in Federal Courts, 40 N.Y.U.L. Rev. 759 (1965).

5. It is not necessary for a defendant to allege that he is innocent of the crime charged, as the court below suggests, 285

F.Supp. at 429. In *Kercheval,* the Court said: "Such an application [for withdrawal of a guilty plea] does not involve any question of guilt or innocence." 274 U.S. at 224, 47 S.Ct. at 583. In United States v. Washington, 341 F.2d 277, 286 (3d Cir.), *cert. denied sub nom.,* DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965), a case involving a post-sentence motion, we said:

   Where there has been a showing that the defendant is entitled to withdraw his plea of guilty or *nolo contendere,* the fact that he does not assert his innocence of the charge against him should not prevent the allowance of the withdrawal. \* \* \* However, in some situations the failure of the defendant to protest his innocence of the charge against him may be an important factor in an appellate court's refusal to disturb the district court's denial of the motion to withdraw his plea. \* \* \*

   *See also* Bishop v. United States, 121 U.S.App.D.C. 243, 349 F.2d 220 (1965); cf. Everett v. United States, 119 U.S. App.D.C. 60, 336 F.2d 979, 982 n. 10 (1964).

6. The burden of establishing grounds for withdrawal in a pre-sentence motion is

show *substantial prejudice,* then the motion, in the trial court's discretion, may be denied.[7]

In the instant appeal the United States does claim prejudice on two grounds:

(1) The trial of appellant's wife revealed the government's case and appellant met and talked with her after the trial (App. 39a–41a); and

(2) The government witnesses were becoming reluctant to keep coming back to court (App. 43a).[8]

With respect to these assertions, the district court said:

It is obvious to me that John Stayton waited until the trial of his spouse was terminated to file this petition through the Public Defender. He then had the benefit and knowledge of the testimony of all of the Government witnesses. This, of course, can only be assumed and is based entirely on the fact that he talked to his wife Rita in the Marshal's Office (with the consent of the Court).

\* \* \* \* \* \*

So, if there was any prejudice at all it would be against the Government who had opened up its complete evidentiary record when it tried the case against his wife, Rita Stayton; and the further factor that the witnesses who were brought into Court at least two times are becoming recalcitrant. 285 F.Supp. at 429.

In view of our disposition of this appeal, we do not pass on whether there was such prejudice here as to justify denial of the motion to withdraw the guilty plea.[9]

on the defendant: United States v. Giuliano, 348 F.2d 217, 221 (2d Cir.), *cert. denied,* Prezioso v. United States, 382 U.S. 939, 946, 86 S.Ct. 390, 15 L. Ed.2d 349 (1965), but this is not the same as the "heavy burden" to show "manifest injustice" in post-sentence withdrawal motions.

7. One example may be where the statute of limitations has run on charges which were dropped because the defendant had pleaded guilty before seeking to withdraw the plea. *Cf.* Farnsworth v. Sanford, 115 F.2d 375, 377 (5th Cir. 1940), where before sentencing the defendant wished to change his plea to not guilty, but the government was substantially prejudiced because it had already dismissed 52 witnesses who had been gathered from all over the United States and vessels of the United States Navy.

8. Somewhat related to this claim of the government is the possible effect of the passage of time on the exercise of the court's discretion. As indicated, the guilty plea here was made on September 18, 1967, and the motion to withdraw on February 6, 1968. In United States v. Washington, 341 F.2d 277, 286 (3d Cir.), *cert. denied sub nom.,* DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965), we said:

Although time alone will not bar the filing of a motion under Rule 32(d), it may have a catalytic effect in bringing about a determination that a claim is not made in good faith. For the longer a defendant waits to file his motion, the greater are his chances that the Government will not be able to present a case against him if he is permitted to go to trial.

9. Professor Moore gives an example of prejudice strikingly close to the facts here:

Suppose that an accused in a multi-defendant case initially pleads guilty and sentencing is deferred until completion of his codefendants' trial. If such a defendant, after the trial has been completed, suddenly changes his mind and wishes to withdraw his plea, detriment to the government is not difficult to imagine. \* \* \* [I]f the trial has ended in convictions and defendant's position is unchanged, considerations applicable to post-conviction motions are appropriate. Thus it may not be unreasonable to require defendant to maintain his innocence of the charges. (Footnotes omitted.) 8A Moore, *supra,* note 4 at ¶ 32.07 [2].

If by "considerations applicable to post-conviction motions" Professor Moore means the post-sentence "manifest injustice" test, we do not agree. We believe the proper standard to follow here remains that applicable to pre-sentence motions. Thus, whether the government's contention in this case meets the requirement of substantial prejudice will have to be determined in the discretion of the court below.

As stated in its opinion,[10] the court below applied the more exacting "manifest injustice" standard of Rule 32(d), citing United States v. Mainer, 383 F.2d 444 (3d Cir. 1967), and stressing the "heavy burden" which under that case appellant carries in order to prevail. *Mainer* was a case where the defendant moved to withdraw a guilty plea *after* sentence was imposed. To apply the *Mainer* standard here to appellant's presentence motion to withdraw his guilty plea was error.[11]

We cannot assume that the district court would have denied the motion under the more liberal "fair and just" rule, and in fairness to appellant his motion should be considered by the district under the appropriate standard.

This is not a case like Sherman v. United States, 383 F.2d 837 (9th Cir. 1967), where the district court clearly indicated it had applied *both* standards in disposing of what the Court of Appeals construed to be a pre-sentence motion. As the appellate court concluded that there had been no abuse of discretion in denying the withdrawal of the guilty plea even under the more liberal *standard, it affirmed the lower court's* decision. We cannot find here that the district court held that the motion to withdraw should be refused under *either* of the two standards.

In view of the foregoing, we return this case to the lower court in order that it may apply the proper pre-sentence standard and in its sound discretion grant or deny the appellant's motion.

The judgment of the lower court shall be vacated and the case remanded to the district court for further consideration in accord with this opinion.

---

10. 285 F.Supp. at 429. The court said:
    [T]he defendant, John Stayton, carries a heavy burden under Rule 32(d) of the Federal Rules of Criminal Procedure. Under that burden he must prove that he would suffer manifest injustice if his plea of guilty is not withdrawn, and the determination of this question by the District Court lies within its sound discretion.

11. "Imposing of sentence after denial of motion for withdrawal does not bring the 'manifest injustice' provision into play. On appellate review the standard governing *presentence* withdrawal will apply." 8A Moore, *supra*, note 4 at 32.07 [1] n. 4.