OPINION
{¶ 1} Appellant Roger Millette ("Appellant") appeals the decision of the Licking County Court of Common Pleas that denied his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The following facts give rise to this appeal.
 {¶ 2} On January 16, 2005, the Licking County Grand Jury indicted appellant on aggravated robbery, aggravated burglary, kidnapping, attempted rape, intimidation of a victim/witness and two counts of gross sexual imposition. At a pre-trial conducted in this matter, Adult Court Services suggested a ten-year sentence because appellant had thirty-seven years remaining on a parole violation. Defense counsel relayed Adult Court Services' suggestion to appellant.
 {¶ 3} On January 24, 2005, appellant appeared before the trial court for a change of plea hearing. Prior to the commencement of the hearing, appellant and defense counsel completed an "Admission of Guilt/No Contest" form. Defense counsel added the following language to this form: "Court to follow ACS recommendation unless years remaining on Defendant's parole currently in effect are less than has been represented to the court." Thereafter, appellant changed his plea to guilty and the trial court dismissed the attempted rape charge.
 {¶ 4} On February 3, 2005, appellant appeared for sentencing. At this hearing, Kelly Miller, Chief Probation Officer, stated that he completed a presentence investigation. According to Mr. Miller, about one week prior to the sentencing hearing he learned, from an anonymous person, that it was unlikely appellant's parole would be revoked by the Adult Parole Authority. Based upon this information, the trial court sentenced appellant to a thirty-three year prison term.
 {¶ 5} On March 8, 2005, appellant filed a pro se "Motion for Post-Conviction Petition," which was actually a motion to withdraw his guilty plea. The trial court conducted a hearing on appellant's motion on May 20, 2005. On June 15, 2005, the trial court denied the motion.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. WHETHER OR NOT THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION IN DENYING ROGER MILLETTE'S MOTION TO WITHDRAW HIS GUILTY PLEA, BECAUSE IT WAS NOT VOLUNTARY, KNOWING, INTELLIGENT, AND THERE IS A REASONABLE PROBABILITY THAT BUT FOR INEFFECTIVE ASSISTANCE OF COUNSEL, MR. MILLETTE WOULD NOT HAVE PLED GUILTY."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court abused its discretion when it denied his motion to withdraw his guilty plea because his plea was not voluntary, knowing and intelligent due to ineffective assistance of counsel. We disagree.
 {¶ 9} Crim.R. 32.1 governs the withdrawal of guilty pleas. This rule provides as follows:
 {¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} In State v. Smith (1977), 49 Ohio St.2d 261, the Ohio Supreme Court held:
 {¶ 12} "It has been expressly recognized by the weight of authority that a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. United States v. Mainer (C.A.3, 1967),383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. United States v. Washington (C.A.3, 1965), 341 F.2d 277, certiorari denied 382 U.S. 850, 86 S.Ct. 96,15 L.Ed.2d 89 rehearing denied 382 U.S. 933, 86 S.Ct. 317,15 L.Ed.2d 346. Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Oksanen v. United States (C.A.8 1966), 362 F.2d 74." Id. at 264.
 {¶ 13} In the case sub judice, appellant moved to withdraw his guilty plea after the trial court imposed his sentence. Therefore, the burden of demonstrating manifest injustice lies with the appellant, and the remedy is provided only in extraordinary cases. Id. Appellant argues manifest injustice exists because his guilty plea was not knowingly, voluntarily or intelligently made, as required by Crim.R. 11, due to alleged ineffective assistance of defense counsel.
 {¶ 14} Appellant maintains defense counsel was ineffective because counsel was mislead regarding the length of the prison term if he pled guilty. Appellant further claims defense counsel was ineffective because counsel did not contact his parole officer concerning the revocation of his parole and the length of sentence he would be serving if the Adult Parole Authority revoked his parole.
 {¶ 15} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 16} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 17} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
 {¶ 18} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 19} Based upon our review of the record in this matter, we do not find appellant was prejudiced by defense counsel's representation. Defense counsel was not mislead by the recommendation made by Adult Court Services. Rather, defense counsel testified, at the hearing on appellant's motion to withdraw his guilty plea, that the recommendation made by Adult Court Services was not a plea agreement. Specifically, defense counsel stated, "I believe this is what the Judge indicated he would strongly consider and would, in fact, give all things being equal. I want to tell you, I don't think that the prosecution ever entered into an agreement for any certain number of years on this case." Tr. Hrng., May 20, 2005, at 8.
 {¶ 20} Further, defense counsel testified that he wrote the comment on the "Admission of Guilt/No Contest" form and interpreted it to mean that, "* * * the Court would follow the ACS recommendation unless the years remaining on parole are less than have been represented to the Court." Id. at 15. Defense counsel also admits that the notation regarding a ten-year sentence is a suggestion to the court and not a recommendation. Id. at 17. Finally, defense counsel testified the Judge never promised appellant would receive a certain sentence. Id. at 25.
 {¶ 21} We also do not find appellant was prejudiced by defense counsel's failure to contact his parole officer and to handle everything during the presentence investigation. When appellant entered his guilty plea, he thought he would be sentenced to a forty-seven year prison term; thirty-seven years for the parole violation and ten years for the new charges. However, due to the fact that appellant's parole was not revoked, the trial court sentenced appellant to a thirty-three year prison term. This is fourteen years less than what he initially expected to receive. Therefore, defense counsel's failure to contact appellant's parole officer did not prejudice appellant.
 {¶ 22} Accordingly, we conclude appellant was not prejudiced by defense counsel's representation. Therefore, appellant has not met the burden of proving a manifest injustice resulting from the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellant.