

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2008

# USA v. Kenley

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kenley" (2008). *2008 Decisions.* Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4069

———

UNITED STATES OF AMERICA

v.

JESSE KENLEY,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00009)
District Judge: Honorable Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2008

Before: SLOVITER, GREENBERG, Circuit Judges,
and IRENAS,[*] Senior District Judge

(Filed: November 6, 2008)

———

OPINION

———

_____

[*] Honorable Joseph E. Irenas, Senior United States District
Judge for the District of New Jersey, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

## I.

Appellant Jesse Kenley appeals the District Court's denial of his motion to withdraw his guilty plea to a three count information charging him with Hobbs Act robbery, in violation of 18 U.S.C. § 1951; criminal conspiracy, in violation of 18 U.S.C. § 371; and witness tampering, in violation of 18 U.S.C. § 1512.

Before the federal charges were brought, Kenley was charged in the Court of Common Pleas of Dauphin County, Pennsylvania, with robbery and murder based on events in March 1992 at the Red Roof Inn, with trial scheduled to begin January 4, 2006. Kenley was represented by Paul Muller. Following a plea agreement with an Assistant United States Attorney who had been cross-designated as a special deputy district attorney to try the state case, the case was transferred to the United States District Court for the Middle District of Pennsylvania, and Kenley was represented by Thomas Thornton. The plea agreement provided for Kenley to plead guilty to the three federal crimes set forth above for which the prosecutor would request a 35 year sentence. The state agreed to drop its prosecution of Kenley.

The District Court conducted a colloquy during which it set forth the legal elements of the crimes with which Kenley was charged and his rights. The prosecutor set

forth the factual basis underlying the charges and Kenley agreed.[1] The District Court then accepted the guilty plea on January 4, 2006. Four months later, on May 10, 2006, Kenley filed a motion to withdraw the guilty plea. The Court held a hearing on the matter on May 15, 2006, at which Kenley, the sole witness, testified, calling into question the conduct and advice of his attorney. Kenley asserted his innocence of the charges filed against him, and stated that he lied under oath during his previous testimony. As a result, Thornton withdrew as Kenley's counsel and was replaced by Gerald Lord, his present counsel.

At the second hearing held June 14, 2006, Kenley again testified, reiterating his innocence. In addition, Thornton testified that he believed it was in Kenley's best interest to accept the plea bargain because Kenley was facing first-degree murder charges and because he had heard Kenley admit responsibility for the robbery. Muller, Kenley's former attorney, also testified that Kenley had admitted his involvement in the robbery. He also stated that he discarded an alibi defense because he sought to shield Kenley from cross-examination regarding statements Kenley made during one of the proffer sessions. Mueller had also considered, but discarded, DNA testing due to the contamination of the

---

[1] Kenley, in essence, agreed to the federal plea agreement in order to remove the possibility of a death sentence in the state prosecution. Under such circumstances, it would have been preferable for the District Court to have obtained a clear admission of facts from the defendant with respect to each element of the charged offenses.

crime scene. He chose not to track down one of the previous Red Roof's housekeepers as a possible alibi witness regarding the cuts on Kenley's hands because Kenley had given prior inconsistent statements to the police regarding the origin of those wounds. Mueller stated that he was ready for trial as of January 4, 2006, the date of both the state court jury selection and the completion of the plea bargain. Finally, Mueller contradicted Kenley's assertion that Kenley had been required to make a decision on the plea in two minutes; rather, he testified that the negotiations were ongoing, and the decision presented to Kenley only required him to decide whether he would accept a plea bargain for thirty-five years instead of his proposal of thirty years. On July 6, 2006, the District Court denied Kenley's motion to withdraw his guilty plea. Kenley filed a timely notice of appeal on September 8, 2006.

## II.

A defendant "may withdraw a plea of guilty . . . [if] the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). Defendant has the burden of demonstrating such a fair and just reason, a burden that the Supreme Court has stated is substantial. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997)). We have stated that three factors should be considered in ruling on a motion to withdraw a guilty plea: (1) whether the Appellant asserts his or her innocence, (2) the strength of the Appellant's reasons for moving to withdraw, and (3) whether the government would be prejudiced by such a

4

withdrawal.  United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

First, a defendant must first assert factual innocence.  "Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [their] guilty plea."  Id. at 818.  Kenley relies on our decision in United States v. Stayton, 408 F.2d 559, 561 (3d Cir. 1969), where we stated that a court considering a motion to withdraw a guilty plea before sentencing must balance the inconvenience to the court and prosecution of the withdrawal against the public interest in protecting the rights of the accused.  Kenley notes, correctly, that he satisfied the Stayton test when he professed his innocence of all crimes related to the robbery of the Red Roof Inn during his pre-sentencing hearings on May 15, 2006, and June 14, 2006.  However, this alone is insufficient.  A defendant must also "'give sufficient reasons to explain why contradictory positions were taken before the district court . . . .'"  Brown, 250 F.3d at 818 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992)).  In addition, such assertions "'must be buttressed by facts in the record that support a claimed defense.'"  Brown, 250 F.3d at 818 (quoting United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998)).  Even if he had lied on the stand during prior testimony, as he now admits, "[a] . . . shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons" for a plea withdrawal.  United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) (superseded by statute on other grounds as stated in United States v. Roberson, 194 F.3d 408, 417 (3rd Cir. 1999)).

The testimony given by Kenley's two former attorneys suggests that Kenley's

5

motion to withdraw his guilty plea fails to meet any of the elements discussed above. Thornton testified that when he met Kenley in connection with the plea offer, Kenley conveyed to him that he was "haunted" by what had occurred at the Red Roof Inn robbery and that "he wanted to set the record straight." App. at 178. Thornton's understanding from what Kenley relayed was that he did not actually commit the murder itself but was there and was involved to some extent. App. at 179-80. Notwithstanding Kenley's attempt to present the facts as a defense tactic that he engaged in by falsely pleading guilty, it is clear that Kenley fails to show factual innocence that exceeds the threshold of the "bald assertion" necessary to satisfy the first element. The District Court, who was in the best position to determine Kenley's veracity and credibility, found him to be "disingenuous." App. at 21.

Assuming arguendo that Kenley has made the necessary assertion of factual innocence, he fails to satisfy the second element, the strength of appellant's reasons for moving for a withdrawal. The reasons Kenley provides in support of his claim are at most assertions of legal strategy taken by the defense, such as Mueller's belief that Kenley's chances at trial were poor in light of the jury pool; Mueller's decision not to introduce DNA testing because he feared finding Kenley's DNA at the crime scene; and Mueller's failure to assert a statute of limitations defense because it was waived by the guilty plea. Kenley's assertion that his attorneys failed to pursue various other persons of interest, corroborating alibis, or supporting witnesses is not a viable basis for asserting his

6

innocence. Similarly, Kenley's marital privilege claim does not advance his factual innocence claim inasmuch as Kenley's ex-wife chose not to assert her marital-privilege right when subpoenaed to testify. The District Court, after examining all the evidence proffered by Kenley, found that Kenley "produced nothing other than his bald assertions of innocence." App. at 18.

Kenley correctly states that the burden of proof is on the Government to show prejudice by the withdrawal of his guilty plea. However, the Government is not required to show such a prejudice exists "'when a defendant has shown no sufficient grounds for permitting withdrawal of a plea.'" United States v. Martinez, 785 F.2d 111, 116 (3d Cir. 1986) (quoting United States v. Saft, 558 F.2d 1073 (2d Cir. 1977)).

As this court stated in United States v. Vallejo, "[a]cceptance of a motion to withdraw a plea of guilty lies within the sound discretion of the trial court and its determination will only be disturbed where it has abused its discretion." 476 F.2d 667, 669 (3d Cir. 1973) (citing Stayton, 408 F.2d at 561). The District Court found, after examining the numerous reasons proffered by Kenley, that they all added up to nothing more than bald assertions of innocence. Thus, in light of the inconsistency of Kenley's statements, combined with the testimony of several witnesses that Kenley confessed to the crime, we cannot hold that the District Court abused its discretion in denying Kenley's motion to withdraw his guilty plea.

We will affirm the District Court's order.