NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1259
_____

UNITED STATES OF AMERICA

v.

JESSE KENLEY,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00009-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Argued July 14, 2011
Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges.*

(Filed: July 29, 2011)

Michael J. Kelly (Argued)
3007 Devereaux Avenue
Philadelphia, PA  19149
        *Counsel for Appellant*

William A. Behe (Argued)
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108
        *Counsel for Appellee*

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Jesse Kenley appeals from the District Court's order denying his petition under 28 U.S.C. § 2255 and refusing to conduct an evidentiary hearing. For the reasons stated herein, we will affirm.

I.

We write primarily for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The underlying facts of this case are set forth in our previous opinion affirming the District Court's denial of Kenley's motion to withdraw his guilty plea, *see United States v. Kenley*, 299 Fed. Appx. 184 (3d Cir. 2008), and need not be repeated here. After Kenley was charged with murder and robbery in state court, he entered into a plea agreement with federal prosecutors. In lieu of prosecution on the state charges, Kenley pled guilty to Hobbs Act robbery, conspiracy, and witness tampering, in violation of 18 U.S.C. §§ 1951, 371, and 1512. As contemplated in the plea agreement, the District Court sentenced Kenley to 420 months' imprisonment.

Kenley subsequently filed a petition under 28 U.S.C. § 2255 seeking to vacate his sentence on the grounds of ineffective assistance of counsel. Specifically, Kenley claimed that his counsel, Thomas Thornton, was ineffective for failing to advise him that he would be waiving a viable statute of limitations defense to two of the federal charges

2

to which he pled guilty. The District Court summarily denied the petition without holding an evidentiary hearing, ruling that Kenley's claims were without any basis. Kenley timely appealed. We granted a certificate of appealability as to part of Kenley's petition, namely, as to whether the District Court erred in ruling that Kenley was not prejudiced by Thornton's alleged ineffectiveness and whether the District Court abused its discretion by denying his petition without first holding an evidentiary hearing to find the relevant facts with respect to his claim.

## II.

"We review the District Court's denial of an evidentiary hearing in a *habeas* case for abuse of discretion." *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *Id.* (internal quotation marks omitted).[1]

## III.

A prisoner in federal custody may move to vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. In evaluating a federal habeas petition, a District Court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" *Id.* It is well-established that "[b]efore deciding

---

[1] The District Court had jurisdiction over Kenley's § 2255 petition pursuant to 28 U.S.C. § 1331. We have jurisdiction based on 28 U.S.C. §§ 1291 and 2253(a).

3

whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010) (internal quotation marks omitted). A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* In this regard, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

We have "endorsed the practical suggestion in *Strickland* [that we may] consider the prejudice prong before examining the performance of counsel prong because this course of action is less burdensome to defense counsel." *Lilly*, 536 F.3d at 196 (alteration in original) (internal quotation marks and citation omitted). Finding that approach appropriate here, we conclude that Kenley fails to demonstrate the requisite prejudice entitling him to relief. To that end, his claim may be resolved on this ground without deciding whether counsel's performance was constitutionally deficient.

"In a challenge to a guilty plea based on ineffective assistance of counsel, the prejudice inquiry takes the form of 'whether counsel's constitutionally ineffective performance affected the outcome *of the plea process*.'" *United States v. Orocio*, -- F.3d -- , 2011 WL 2557232, at *9 (3d Cir. June 29, 2011) (emphasis in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[I]n order to satisfy the 'prejudice' requirement,

4

the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. In claiming ineffective assistance of counsel, Kenley states that "[c]ounsel failed to inform petitioner that he would be waiving his 'statute of limitations' defense . . . by pleading guilty in [f]ederal court." (App. Vol. II at 32A.) Kenley's petition does not state a desire to have gone to trial on the state charges had he known of a viable statute of limitations defense to the federal charges, although his accompanying memorandum of law does assert that he would have gone to trial in state court, had counsel informed him of the defense.

Kenley asserts that the record "makes it impossible to gauge the likelihood of Mr. Kenley's claim that he would have gone to trial in state court had he known that he had a complete defense to the federal charges." (Br. for Appellant Jesse Kenley at 27.) We disagree. Kenley fails to express a "plausible foundation in the record" to support his claim. *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir. 1994). There is no basis in the record before us upon which Kenley can demonstrate a reasonable probability that he would have gone to trial. To the contrary, the record suggests the opposite. Thornton's testimony demonstrates that the focus of the federal plea negotiations was arriving at a term of years that would be agreeable to all parties. (App. Vol. II at 81A-82A.) Additionally, Thornton expressed his concern that Kenley could face a capital murder prosecution in state court if a federal plea agreement was not reached. (*Id.* at 67A, 82A.) There is no indication in the record that Kenley would have wanted to go to trial on the

state charges, had he been aware of the statute of limitations defense.  Rather, the record demonstrates that Thornton's advice to Kenley was driven by the desire to avoid a potential death penalty case.  *Cf. Nahohil*, 36 F.3d at 326 (record supported petitioner's claims of prejudice where he was reluctant to admit to the underlying facts of the offense in pleading guilty, where he interrupted the guilty plea hearing several times to confer with counsel, and where he labored over decision to plead guilty, thus entitling him to an evidentiary hearing).

Kenley's attempt to blame deficiencies in the record are not well-taken.  By failing to set forth "special circumstances that might support the conclusion that he placed particular emphasis on [the statute of limitations defense] in deciding whether or not to plead guilty," *Hill*, 474 U.S. at 60, he falls short of meeting his burden to show a reasonable probability that he would have gone to trial.  Simply put, Kenley does not demonstrate a reasonable probability that he was prejudiced because the record reveals that his objective during the plea negotiations was to avoid a capital murder prosecution and his counsel in fact achieved this goal.  Because he did not establish prejudice, "the motions and the files and records of the case conclusively show that [Kenley] is not entitled to relief."  28 U.S.C. § 2255(b).  Accordingly, the District Court did not abuse its discretion in declining to hold an evidentiary hearing.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

6