NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1419
_____

UNITED STATES OF AMERICA

v.

CHARLES HOGAN
a/k/a SNAP

CHARLES HOGAN,
                              Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00537-002)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2011
_____

Before:  RENDELL, AMBRO, and NYGAARD, Circuit Judges

(Opinion filed: November 29, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

        Charles Hogan was convicted and sentenced in the District Court of conspiracy to

distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and

possession of five or more kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He contends that the Court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing. We disagree, and thus affirm.[1]

## I.

As we write solely for the parties, we recite only those facts necessary to our decision. After his arrest, Hogan retained Joseph Santaguida to represent him. The Government filed a notice pursuant to 21 U.S.C. § 851 that identified two prior felony drug convictions, increasing the statutory mandatory minimum term of imprisonment from ten years to life imprisonment. Hogan entered into a plea agreement with the Government, in exchange for which the Government agreed to dismiss the Section 851 notice and file an amended notice charging only one prior felony conviction, reducing the statutory mandatory minimum term of imprisonment to twenty years.

At the change-of-plea hearing, Hogan was represented by Brian McQuigan, an attorney who worked in Santaguida's law firm. At the hearing, Hogan stated that he was satisfied with McQuigan's representation, that he had ample time to discuss his case and plea agreement with McQuigan, that he understood the terms and conditions of the plea agreement, and that he was guilty. He also confirmed that he understood the mandatory minimum sentence, and that the District Court could impose a sentence less or more severe than the United States Sentencing Guidelines' advisory range. The plea agreement accurately states the mandatory minimum sentence, and confirms that Hogan

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

was satisfied with his counsel's representation and had not been promised or guaranteed what sentence the Court would impose.

Less than a week before the scheduled sentencing date,[2] Hogan filed a motion to withdraw his guilty plea, contending that he did not have adequate opportunity to review the plea agreement and was provided ineffective assistance of counsel. He argued that counsel was ineffective because (1) he was represented at the change-of-plea hearing by an attorney who worked in his retained counsel's office but who was not his retained counsel, (2) this "substitute counsel" led him to believe that he could be sentenced to less than twenty years' imprisonment and that the plea agreement would reduce his mandatory minimum sentence, and (3) this "substitute counsel" failed to challenge the amended Section 851 notice. After being advised that Hogan did not wish to testify in support of his motion, the District Court denied the motion without conducting a hearing.

## II.

The District Court's ruling on a motion to withdraw a guilty plea prior to sentencing is reviewed for abuse of discretion. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The defendant bears the burden of demonstrating a "fair and just reason" for withdrawing the plea. *Id.* This burden is substantial: "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the

---

[2] In the interim, Hogan sent two letters to the District Court. The first requested new counsel, which the Court appointed. The second stated that the stipulation in the plea agreement as to the quantity of cocaine included cocaine for which he was not responsible. Regardless of the quantity of cocaine for which Hogan was responsible, taking into account the amended Section 851 notice citing one prior felony drug conviction, the mandatory minimum term of imprisonment was twenty years.

government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)).

We consider three factors in evaluating whether to grant a withdrawal: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* As to the first factor, "[o]nce a defendant has pleaded guilty, he 'must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.'" *Id.* at 253 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)). A defendant is permitted to withdraw a plea based on ineffective assistance of counsel only upon showing that "his attorney's advice was under all the circumstances unreasonable under prevailing professional norms," and that "he suffered 'sufficient prejudice' from his counsel's errors." *Id.* at 253-54 (quoting *United States v. Day*, 969 F.2d 39, 45 (3d Cir. 1992)). If the defendant does not demonstrate sufficient grounds for withdrawing the plea, the Government is not required to show prejudice. *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986).

Not only did Hogan not assert his innocence,[3] but his other reasons do not provide a valid basis for withdrawing his plea. The plea agreement and Hogan's testimony at the

---

[3] Hogan argues that our requirement that a defendant assert his or her innocence and explain contradictory positions taken in the prior proceedings goes beyond the "fair and

4

change-of-plea hearing contradict his assertions that he did not have an adequate opportunity to review the plea agreement, that he was prejudiced by McGuigan's representation, and that he was led to believe that he would receive less than a twenty-year sentence and the plea agreement would reduce his mandatory minimum sentence. Moreover, even if McGuigan inaccurately stated the potential sentence and otherwise provided less able legal representation than that which would have been provided by Santaguida, Hogan was not prejudiced by this representation.

Finally, the amended Section 851 notice identifies Hogan's 1988 conviction for a felony drug offense as his only prior felony conviction. Section 851 precludes any challenge to the validity of a prior conviction that occurred more than five years before the date of the information alleging the prior conviction. 21 U.S.C. § 851(e). The amended Section 851 notice reduced Hogan's mandatory minimum sentence from life imprisonment to twenty years. There was no reason for Hogan's counsel to challenge the amended notice.

\* \* \* \* \*

The District Court did not abuse its discretion in denying Hogan's motion to withdraw his guilty plea prior to sentencing. Thus we affirm.

---

just reason" standard of Fed. R. Crim. P. 11. Though we previously held that an assertion of innocence is not necessarily a prerequisite to the withdrawal of a plea, we later stated that a defendant must assert his or her innocence. *See, e.g.*, *Jones*, 979 F.2d at 318; *United States v. Stayton*, 408 F.2d 559, 561 n.5 (3d Cir. 1969). We do not need to address this issue, however, because, even absent an assertion of innocence, Hogan has failed to provide a "fair and just reason" for withdrawing his plea.

5